

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

Nos. 04-24-00854-CR & 04-24-00855-CR

Shannon Nicole **DELEON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court Nos. 2023-04-15403-CR & 2023-04-15404-CR
Honorable Camile Glasscock Dubose, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
             Irene Rios, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: April 2, 2025

DISMISSED FOR LACK OF JURISDICTION

For each of these appeals, pursuant to a plea bargain, the trial court signed an order of deferred adjudication on October 5, 2023. Thereafter, in each case, the State filed a motion to adjudicate guilt, and, on March 27, 2024, the trial court signed an "Order Continuing Defendant on Community Supervision." On December 16, 2024, appellant filed a notice of appeal, listing both trial court cause numbers. Her filing states that she, "files this Notice of Appeal from the

judgment and sentence entered in the above-styled and numbered causes on October 1, 2023," and further:

> Appellant acknowledges that this Notice of Appeal is being filed beyond the standard 30-day deadline. Therefore, Appellant simultaneously files herewith a Motion for Extension of Time to File Notice of Appeal and a Motion for Out-of-Time Appeal based on constitutionally ineffective assistance of counsel, which denied Appellant the opportunity to timely appeal.

Because appellant did not file a motion for new trial, to appeal from the October 5, 2023 order of deferred adjudication, the notice of appeal was due to be filed on November 6, 2023. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on November 21, 2023. *See id.* R. 26.3. Appellant filed a notice of appeal and a motion for extension of time on December 16, 2024.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.*

Because appellant did not timely file a notice of appeal, we ordered appellant to show cause why these appeals should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, we dismiss these appeals for lack of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)

(explaining out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH